# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DANIEL JAMES SILVA,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:21cv49-MW-MAF**

**SCOTT KINGSLEY SWIFT,**
**ANDREW MULLEN,**
**and JUDGE DIANE TURNER,**

    **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated a civil rights action in this Court on January 25, 2021. Plaintiff submitted a § 1983 complaint against four Defendants, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Ruling was deferred on Plaintiff's in forma pauperis motion because it was not on the Court form and was incomplete. ECF No. 4. Plaintiff has now filed an amended in forma pauperis motion. ECF No. 6. That motion is generally sufficient to demonstrate Plaintiff lacks sufficient funds with which to pay the filing fee. Accordingly, the motion is granted.

Plaintiff has also submitted an amended complaint, ECF No. 5, which now proceeds against three Defendants. The amended complaint has been reviewed to determine: (1) if Plaintiff has alleged sufficient facts to support the claims raised, (2) if this Court has jurisdiction over the subject matter and the parties; and (3) if venue is appropriate in this Court.

First, Plaintiff is attempting to sue three Defendants: Scott Kingsley Swift, Andrew Mullen, and Judge Dianne Turner. *Id.* at 7. All three Defendants are alleged to reside in Nashville, Tennessee. *Id.* at 8. Plaintiff resides in North Carolina. *Id.*

The venue provision states that "[a] civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). In this case, no Defendant resides in this State and there are no factual allegations presented which demonstrate

that Defendants committed any actions in this State either.  Thus, the amended complaint lacks any basis for proceeding in the Northern District of Florida.

To the degree Plaintiff *might* argue that "a substantial part of the events or omissions giving rise to the claim occurred" in this District, the only fact alleged is that on June 18, 2020, a motion to dismiss was granted in a case filed by Plaintiff, case number 4:19cv286-RH-JF.  ECF No. 5 at 8.  Plaintiff notes that the motion was filed by Doug Baldridge (an attorney) on behalf of his client, Taylor Swift.  *Id.*  Yet Mr. Baldridge is not a Defendant in this action and, moreover, no Defendant named in Plaintiff's amended complaint is connected with that prior action.

More importantly, Plaintiff pointed out that his prior case was dismissed by an Order entered by United States District Judge Robert L. Hinkle.  That Order has been reviewed.  ECF No. 118 of case # 4:19cv286-RH-MJF.

Judge Hinkle's Order concluded that Plaintiff had "repeatedly abused the litigation process and [was] likely to continue to do so unless enjoined." *Id.* at 3.  Judge Hinkle entered the following injunction in granting the motion to dismiss:

Case No. 4:21cv49-WS-MAF

> The injunction allows the plaintiff to bring a lawsuit if the complaint is signed by an attorney. The plaintiff should take note: he may challenge the injunction on appeal or seek relief in this court under Rule 60(b)(5) if conditions make applying the injunction no longer equitable. But willfully violating the injunction will constitute contempt of court and may subject the plaintiff to criminal sanctions, including imprisonment. A party cannot ignore a federal injunction with impunity.

ECF No. 118 at 3 (case # 4:19cv285). Plaintiff initiated this case pro se. He did not have his complaint signed by an attorney. However, Plaintiff was specifically enjoined from filing a "lawsuit, petition, motion, or other claims against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge, in any court, unless the complaint initiating the lawsuit, petition, motion, or other claims is signed by an attorney." *Id.* at 4. Plaintiff is warned not to violate that injunction, but he has not yet done so, in this case at least.[1] Plaintiff cannot use this lawsuit to challenge the constitutionality of Judge Hinkle's Order, and his request for such relief, *see* ECF No. 5 at 27, is not available.[2]

---

[1] Notably, Plaintiff has initiated another case in this Court in which he has recently requested permission to add Taylor Alison Swift and James Douglas Baldridge as parties. *See* ECF No. 7 of case # 4:21cv24-MW-MAF.

[2] Judge Hinkle's Order advised Plaintiff that he could "challenge the injunction on appeal or seek relief" in that case under Rule 60. ECF No. 118 at 3, case # 4:19cv286. Plaintiff did not file an appeal.

Case No. 4:21cv49-WS-MAF

Although there is no basis for venue in this Court, Plaintiff's allegations have been reviewed to determine if this case should be transferred or dismissed. The amended complaint is short on facts and long on legal rhetoric.

Essentially, Plaintiff contends that in May of 2020, he went to a location in Tennessee and attempted to serve Taylor Alison Swift and carry out a citizen's arrest. ECF No. 5 at 17. Plaintiff was met by "armed guards" and then arrested by Defendant Andrew Mullen for third degree trespass. *Id.* at 17-18. Officer Mullen allegedly was an "accessory" to Defendant Scott Kingsley Swift's[3] false report, *see* ECF No. 5 at 20, and also submitted a fraudulent arrest affidavit. *Id.* at 22. Plaintiff then makes the conclusory and unexplained assertion that "Judge Dianne Turner allowed 4 rules of Tennessee rules of criminal procedure to be broken . . . ." *Id.* at 24. He also contends that Judge Turner violated his constitutional rights because he was denied due process, was not "given a lawyer," and she violated rules of criminal procedure. *Id.* at 26-27. It appears that Plaintiff's criminal charge is still pending based on Plaintiff's contention that

---

[3] Plaintiff alleges that Scott Kingsley Swift is the father of Taylor Swift. ECF No. 5 at 26.

"it has been over 6 months and" Judge Turner "has yet to attempt to contact" him. *Id.* Plaintiff seeks a declaratory judgment, injunctive relief (to stay the criminal case until this case is over), and to award monetary damages.

First, by virtue of 28 U.S.C. § 2283, federal courts generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Independent of that statutory limitation, considerations of federalism and comity led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings. Younger v. Harris, 401 U.S. 37, 41, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971) (holding that an ongoing state criminal proceeding may not be enjoined "except under special circumstances"). The Younger doctrine prevents this Court from interfering in Plaintiff's state criminal proceeding.

Second, Plaintiff's false arrest claim is premature. Plaintiff cannot demonstrate the basis for a civil rights action asserting a claim for false arrest until the criminal proceeding has terminated in his favor. In Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007), the

Supreme Court explained that a § 1983 suit is barred by <u>Heck v. Humphrey</u> unless and until a conviction or sentence has been invalidated; it does not, however, "impugn an anticipated future conviction." Nevertheless, the Court further clarified:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393-94, 127 S. Ct. at 1098 (citations omitted). This case should not be stayed because it was improperly filed in this Court - all of the events underlying his claims against the Defendants occurred in Tennessee. Moreover, there is no need to transfer a case that is premature. Plaintiff would be able to re-file his case at such time as his claims are ripe for judicial review.

    Third, there is no basis to transfer a civil rights action against a state court judge because Judge Turner has absolute immunity from suit. It is well established that when a judge acts in her judicial capacity, the judge is entitled to absolute immunity from liability for damages under § 1983 unless the judge's actions were in the "clear absence of all jurisdiction."

Case No. 4:21cv49-WS-MAF

Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). In Stump v. Sparkman, the Supreme Court established a "two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996) (citing Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). First, it must be determined "whether the judge dealt with the plaintiff in a judicial capacity." Simmons, 86 F.3d at 1084-1085 (quoting Stump, 435 U.S. at 362, 98 S. Ct. at 1107). Plaintiff's allegations make clear that Defendant Turner was presiding over a criminal case and, thus, was acting in her judicial capacity. The second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.'" 86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872)). A judge acts in the absence of jurisdiction when there is no subject matter jurisdiction to hear a case, or when the acts of the judge are purely private and non judicial. Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Plaintiff provides no such allegations. Accordingly, there is no need to transfer a case where Plaintiff's claims against Judge Turner are barred by the doctrine of absolute judicial immunity.

Fourth, Plaintiff's amended complaint does not provide a factual basis to proceed with his claim against Defendant Swift. He does not provide a clear statement of facts showing what actions were taken such that Defendant Swift violated his rights, or that he should be deemed to be a "state actor" for purposes of bringing a § 1983 claim.

Accordingly, it is

**ORDERED:**

1. Plaintiff's amended in forma pauperis motion, ECF No. 6, is **GRANTED** and Plaintiff is not required to pay the filing fee for this case.

2. Plaintiff's original in forma pauperis motion, ECF No. 2, is **DENIED as moot**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED without prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on February 9, 2021.

          S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv49-WS-MAF